```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                          :
HANS G. ALEXANDER,                        :
                    Plaintiff,            :
                                          :         17 Civ. 3170 (LGS)
             -against-                    :
                                          :         ORDER
CITY OF NEW YORK, et al.,                 :
                    Defendants.           :
                                          :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/20/2019

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on November 19, 2019, the Court granted summary judgment in part to Defendants and in part, *sua sponte*, to Plaintiff (1) against the Individual Defendants on the unlawful detention claim for the period between when the Individual Defendants found Plaintiff's two dollars and when the drugs were found, and (2) against Defendant McCloud for his search of Plaintiff's pocket during the unlawful detention. With respect to the unlawful detention claim, the Court held that the Individual Defendants could not reasonably have concluded that Plaintiff violated New York City Administrative Code § 16-118 (1)(a) because the language of the statute implies a violation for discarding something, not accidentally dropping it and then seeking to retrieve it, as was supported by the evidence. The Court further held that no reasonable officer could have concluded that the two dollars dropped by Plaintiff were "ashes, garbage, paper, dust or other rubbish or refuse" within the meaning of Section 16-118 (1)(a). With respect to the search of Plaintiff's pocket, because Plaintiff's continued detention at the time of the search was unlawful, the Court held that the search of Plaintiff was also unlawful because it was not incident to a valid arrest. The Court based its decision, in part, on evidence submitted by Defendants showing (1) that after dropping two dollars over the gate, Plaintiff was immediately stopped by the Individual Defendants and did not attempt to leave the area or abandon the money, and (2)

Plaintiff's two dollars were discovered by the Individual Defendants (confirming his statement that he had dropped money rather than rubbish or contraband) before Defendant McCloud searched Plaintiff's pocket and discovered the drugs.

WHEREAS, on November 22, 2019, Defendants moved for reconsideration of the November 19, 2019, opinion.

WHEREAS "[a] motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation mark omitted); *accord In re Platinum-Beechwood Litig.*, 400 F. Supp. 3d 2, 4 (S.D.N.Y. 2019). The standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012); *accord In re Platinum-Beechwood Litig.*, 400 F. Supp. 3d at 4. A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc.*, 684 F.3d at 52 (internal quotation marks omitted); *accord United States ex rel. Grubea v. Rosicki, Rosicki & Assocs., P.C.*, 319 F. Supp. 3d 747, 751 (S.D.N.Y. 2018). The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." *See Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009); *accord Strougo v. Barclays PLC*, 334 F. Supp. 3d 591, 595 (S.D.N.Y. 2018). It is hereby

**ORDERED** that Defendants' motion for reconsideration of the Court's November 19, 2019, opinion is **DENIED**.

Defendants make two arguments for reconsideration. First, they submit new evidence --

in the form of affidavits from Defendant McCloud and Defendant Hernandez -- that disputes some of the facts offered *by Defendants* in their original motion. Specifically, the affidavits support a factual narrative that (1) prior to being approached by the Individual Defendants, Plaintiff attempted to walk away from "the item" he dropped and the area generally; (2) that Defendants could not tell what Plaintiff had dropped, but "only knew that the discarded item resembled crumpled paper"; and (3) that Plaintiff's two dollars were discovered after Defendant McCloud recovered drugs from Plaintiff's pocket, not before. Defendants explain that this evidence was not submitted with their original motion because they adopted and viewed the facts in the light most favorable to Plaintiff and because it was Plaintiff's burden as the non-moving party to set forth disputed facts. Alternatively, Defendants argue that, even if the Court were to credit Plaintiff's version of the events, they would be entitled to qualified immunity because "the purported unlawfulness of [D]efendants' conduct was not clearly established at the time of [P]laintiff's arrest" and the Court's denial of qualified immunity was clear error.

These arguments are unavailing. When a party submits new evidence in support of a motion for consideration, courts consider the strength of the explanation offered as to why it was not submitted with the original motion. *Compare United States v. Hasan-Hafez*, No. 16 Cr. 221, 2017 WL 4402577, at *1 (S.D.N.Y. Oct. 3, 2017) (refusing to consider an affidavit submitted by defendant in support of his motion for reconsideration, where there was "no reason this information could not have been placed before the Court at the time of the original motion") *with Gupta v. Attorney Gen. of U.S.*, 52 F. Supp. 3d 677, 682 (S.D.N.Y. 2014) (allowing plaintiff to submit supporting affidavits on a motion for reconsideration where he was "denied an opportunity to present relevant evidence in the prior proceedings due to the Government's failure to interpose a timely objection").

While Defendants are correct that Plaintiff traditionally bears the burden to set forth disputes of material fact, they do not cite any authority for the proposition that a movant on a summary judgment motion may submit new evidence, available to it at the time of the original motion, to create disputes of material fact on a subsequent motion for reconsideration, relying on the explanation that the original motion was unopposed by a *pro se* Plaintiff. Rather, Defendants presented one set of facts and asserted that they were undisputed in support of their motion for summary judgment. Because Defendants represented the facts as undisputed, the Court relied on them in granting summary judgment. Defendants should not be permitted to change those facts now because they lead to an unfavorable result. Even though Defendants claim that it would be "manifest injustice" if they were unable to present their version of the events, Defendants had ample opportunity to do so in their original motion, despite the fact it was unopposed. Accordingly, the explanation offered by Defendants to present this new evidence is insufficient. *See We Shall Overcome Found. v. The Richmond Org., Inc.*, No. 16 Civ. 2725, 2018 WL 5307095, at *3 (S.D.N.Y. Oct. 26, 2018) (concluding that plaintiffs did not meet "the strict standard required to justify reconsideration," where plaintiffs presented new affidavits but failed to provide an indication "that these facts [were] new in the sense of having been previously unavailable"); *Jackson v. Goord*, 664 F. Supp. 2d 307, 313 (S.D.N.Y. 2009) (noting that defendants' additional submissions, including new declarations, "should not be considered by this court, as the information they present was available at the time of the filing of the original motion and [defendants] give what is at best a flimsy explanation as to why their office neglected to submit the information the first time").

Finally, with respect to Defendants' argument the Court's denial of qualified immunity was clear error, the Court's original conclusions remain unchanged -- that (1) the Individual

4

Defendants could not have concluded that Plaintiff violated Section 16-118(1)(a) because the language of the statute implies a violation for discarding something, not accidentally dropping it and then seeking to retrieve it, and (2) no reasonable officer could have concluded that the two dollars Plaintiff dropped were "ashes, garbage, paper, dust or other rubbish or refuse" within the meaning of Section 16-118(1)(a). *See Simon v. City of New York*, 893 F.3d 83, 92 (2d Cir. 2018) ("[O]fficials can still be on notice that their conduct violates [clearly] established law even in novel factual circumstances, and 'there can be the rare obvious case, where the unlawfulness of the officer's conduct is sufficiently clear even though existing precedent does not address similar circumstances.'") (alteration in original) (internal quotation marks and citations omitted) (quoting *D.C. v. Wesby*, 138 S. Ct. 577, 590 (2018)).

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 98, and to mail a copy of this order to Ms. Alexander at 237 Walnut Street, Columbia, PA 17512.

Dated: December 20, 2019
       New York, New York

                                          **LORNA G. SCHOFIELD**
                                   **UNITED STATES DISTRICT JUDGE**